IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ONO'S TRADING COMPANY, LLC, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )    CIVIL ACTION NO. 04-0706-CG-C |
| | ) |
| STUART A. PARNELL, and | ) |
| THE NAUTICAL GROUP, LLC, | ) |
| | ) |
|     Defendants. | ) |

## ORDER

This matter is before the court on plaintiff's motion for a temporary restraining order and preliminary injunction. (Doc. 85). The court finds that plaintiff has not met the requirements for a temporary restraining order or shown an immediate need for a hearing without proper notice to defendants. Accordingly, the court finds it appropriate to set a hearing on plaintiff's preliminary injunction with notice to defendants so that they may participate in the hearing.

**I.    BACKGROUND**

Plaintiff filed this action on November 4, 2004, alleging trademark infringement. The parties entered into a joint stipulation and agreement which the court acknowledged and made a part of the official record in this matter by order dated December 13, 2004. (Doc. 11). Plaintiff alleges in its current motion that defendants have violated the stipulated order by sending a letter to plaintiff's sales representatives that states that defendant, The Nautical Group, holds the exclusive rights to use of the "ONO" trademark. Plaintiff states that it will suffer immediate and irreparable injury, loss, and damage as a result of the letter "and other inappropriate conduct of the defendants." (Doc. 85, ¶ 5).

## II.   LEGAL STANDARD

This court previously noted the applicable standard for preliminary injunctive relief in

Hammock ex rel. Hammock v. Keys et al., 93 F.Supp.2d 1222 (S.D. Ala. 2000):

> A party seeking a preliminary injunction must establish the following four factors: (1) a substantial likelihood of success on the merits; (2) a threat of irreparable injury; (3) that its own injury would outweigh the injury to the nonmovant; and (4) that the injunction would not disserve the public interest. Tefel v. Reno, 180 F.3d 1286, 1295 (11th Cir.1999); McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir.1998).  The Court should be mindful that a preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant has clearly satisfied the burden of persuasion as to the four requisites. McDonald's, 147 F.3d at 1306; Northeastern Fl. Chapter of the Ass'n of Gen. Contractors of Am. v. City of Jacksonville, 896 F.2d 1283, 1285 (11th Cir.1990).

Id., at 1226-27.  The same standard applies to a request for a temporary restraining order as to a request for a preliminary injunction.  Morgan Stanley DW Inc., v. Frisby, 163 F.Supp.2d 1371, 1374 (N.D.Ga. 2001), citing Ingram v. Ault, 50 F.3d 898, 900 (11th Cir.1995).  Upon consideration of the evidence presented, the court concludes that plaintiff has not met this burden.

## III.   ANALYSIS

Plaintiff has offered very little to support the four requirements listed above for the issuance of a temporary restraining order or preliminary injunction.  Plaintiff has not alleged that it has a substantial likelihood of success on the merits, that its own injury would outweigh the injury to the nonmovant, or that the injunction would not disserve the public interest.  Plaintiff asserts that it will suffer immediate and irreparable injury but does not explain what that injury is or why there is an immediate need.  Plaintiff also refers to defendants' "other inappropriate conduct," but fails to provide any further explanation of what defendants have allegedly done

that is objectionable. The court notes that temporary restraining orders are generally sought when the defendants have not yet been served or participated in the case and when immediate relief is necessary before such service can be made. In this case, the defendants were served over a year ago and have continued to participate in the case. Plaintiff has not shown why a temporary restraining order or preliminary injunction should be entered or a hearing on its motion should be held prior to written or oral notice to the adverse parties. See FED. R. CIV. P. 65(B).

## CONCLUSION

For the above stated reasons, the court **DENIES** plaintiff's motion for temporary restraining order. The court hereby sets plaintiff's motion for preliminary injunction for hearing on **Tuesday, December 13, 2005, at 2:00 p.m. in Courtroom 2B,** United States Courthouse, Mobile, Alabama

**DONE and ORDERED** this 5th day of December, 2005.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE